**[ORAL ARGUMENT NOT SCHEDULED]**

Nos. 25-5150, 25-5151

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

RADIO FREE ASIA,

    Plaintiff-Appellee,

v.

UNITED STATES, *et al.*,

    Defendants-Appellants.

MIDDLE EAST BROADCASTING NETWORKS,

    Plaintiff-Appellee,

v.

UNITED STATES, *et al.*,

    Defendants-Appellants.

**EMERGENCY MOTION FOR AN ADMINISTRATIVE
STAY AND STAY PENDING APPEAL**

    YAAKOV M. ROTH
     *Acting Assistant Attorney General*

    ERIC D. MCARTHUR
     *Deputy Assistant Attorney General*

    MARK R. FREEMAN
    DANIEL TENNY
    ABIGAIL STOUT
     *Attorneys*
     *Civil Division, Room 7215*
     *U.S. Department of Justice*
     *950 Pennsylvania Avenue NW*
     *Washington, DC 20530*
     *(202) 514-1838*
     *daniel.tenny@usdoj.gov*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A. Parties

Plaintiff in number 25-5150 is Middle East Broadcasting Networks, Inc. Plaintiff in number 25-5151 is Radio Free Asia. Defendants in both cases are the United States of America; the United States Agency for Global Media; Kari Lake, in her official capacity as Senior Advisor to the Acting Chief Executive Officer ("CEO") of the U.S. Agency for Global Media; Victor Morales, in his official capacity as Acting CEO; the Office of Management and Budget; Russell Vought, in his official capacity as Director of the United States Office of Management and Budget; the United States Department of Treasury; and Scott Bessent, in his official capacity as United States Secretary of the Treasury. Reporters Committee for Freedom of the Press filed a motion for leave to file an amicus brief.

## B. Rulings Under Review

The government has appealed the order granting plaintiffs' motion for a preliminary injunction, entered in *Radio Free Asia v. United States*, No. 25-cv-907 (D.D.C.), as Dkt. No. 25 and in *Middle East Broadcasting Networks, Inc. v. United States*, No. 25-cv-966 (D.D.C.), as Dkt. No. 23. The order is attached to this motion.

C.   **Related Cases**

These cases have not previously been before this Court. There are four other related cases currently pending in the United States District Court for the District of Columbia and this Court. *See RFE/RL, Inc. v. Lake*, 25-cv-799 (D.D.C.); *Open Technology Fund v. Lake*, 25-cv-840 (D.D.C.); *Widakuswara v. Lake*, 25-cv-1015 (D.D.C.), *on appeal* No. 25-5144; *Abramowitz v. Lake*, 25-cv-887 (D.D.C.), *on appeal* No. 25-5145.

*/s/ Daniel Tenny*
Daniel Tenny

# EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY AND STAY PENDING APPEAL

This is a follow-on motion to an emergency motion the government filed yesterday in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.), and *Abramowitz v. Lake*, No. 25-5145 (D.C. Cir.). Because the preliminary relief entered here is identical to a portion of the relief entered in *Widakuswara* and *Abramowitz*, and because the additional order here was entered only for procedural reasons to allow these plaintiffs to enforce the injunction and participate on appeal, the government seeks a stay of the newly entered order in *Radio Free Asia* and *Middle East Broadcasting Networks* for the reasons stated in its emergency motion in *Widakuswara* and *Abramowitz*. We are filing this identical motion in both the *Radio Free Asia* case and the *Middle East Broadcasting Networks* case.

1. These cases challenge the U.S. Agency for Global Media's termination of plaintiffs' grants. Radio Free Asia filed its suit on March 27 and moved for a temporary restraining order the next day. Middle East Broadcasting Networks filed its suit on April 1 and moved for a preliminary injunction on April 9. The parties ultimately agreed to treat

Radio Free Asia's motion as a motion for preliminary injunction and to have it considered together with the motion filed in the *Middle East* case.

After the district court issued preliminary injunctions in *Widakuswara* and *Abramowitz* on April 22—which specifically constrained the government's actions with regard to grants that had been awarded to Radio Free Asia and Middle East Broadcasting Network—both plaintiffs here moved on April 24 for an order granting their pending motions based on the reasoning in the *Widakuswara* order. They argued that they were entitled to a preliminary injunction because entry of an order in their cases would allow them to enforce the injunction if necessary and to "participate fully on appeal, including through potential consolidation of any appeal in these cases and the appeal in *Widakuswara*." *Radio Free Asia* Mot, Dkt. No. 24, at 2; *Middle East Broadcasting Networks* Mot., Dkt. No. 22, at 2.

On April 25, while that request was pending, the government filed an emergency motion for administrative stay and partial stay pending appeal in this Court in *Widakuswara* and *Abramowitz*, including a request to stay the portion of the order relating to the grants at issue here (having filed a similar stay motion in the district court on April 24). Also on April 25, shortly after the government's filing in this Court in *Widakuswara* and

*Abramowitz*, and after a brief motions hearing, the district court entered plaintiffs' requested relief in a single order entered in both the *Radio Free Asia* case and the *Middle East Broadcasting Networks* case. The order exactly mirrors one aspect of the *Widakuswara* injunction, enjoining defendants to "restore the FY 2025 grants with [Agency] Networks Radio Free Asia and Middle East Broadcasting Networks such that international [Agency] outlets can 'provide news which is consistently reliable and authoritative, accurate, objective, and comprehensive,' 22 U.S.C. § 6202(a), (b), and to that end, provide monthly status reports on the first day of each month apprising the Court of the status of the defendants' compliance with this Order, including documentation sufficient to show the disbursement to [Radio Free Asia] and [Middle East Broadcasting Networks] of the funds Congress appropriated." Add. 1-2. Less than an hour after the district court issued the order in these cases, it denied the pending motion to stay proceedings pending appeal in *Widakuswara* and *Abramowitz*.

2. Given that the order at issue here is substantively identical to the one already on review in this Court, and was requested and entered for procedural reasons to allow plaintiffs to enforce the injunction and to participate in appellate proceedings, we respectfully request an

3

administrative stay and stay pending appeal on the same terms requested in the *Widakuswara* and *Abramowitz* motions and for the reasons stated in those motions. Plaintiffs oppose this motion.

## CONCLUSION

For the foregoing reasons, this Court should enter a stay pending appeal, putting an administrative stay in place while it considers this motion.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN

*s/ Daniel Tenny*
DANIEL TENNY
ABIGAIL STOUT
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

APRIL 2025

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 678 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

                                        *s/ Daniel Tenny*
                                        Daniel Tenny

# ADDENDUM

# TABLE OF CONTENTS

**Relevant Record Materials, pursuant to Fed. R. App. P. 8(a)(2)(B)(iii)**

Preliminary Injunction Order (April 25, 2025) (*Radio Free Asia* Dkt. No. 25, *Middle East Broadcasting Networks* Dkt. No. 22) ................ Add. 1

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RADIO FREE ASIA,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>　　　　　*Defendants*. | No. 25-cv-907-RCL |
| MIDDLE EAST BROADCASTING NETWORKS, INC.<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>　　　　　*Defendants*. | No. 25-cv-966-RCL |

**[PROPOSED] ORDER GRANTING RADIO FREE ASIA AND MIDDLE EAST BROADCASTING NETWORKS, INC.'S OPPOSED MOTION TO ENTER ORDER GRANTING PRELIMINARY INJUNCTION**

This matter came before the Court on Radio Free Asia and the Middle East Broadcasting Networks, Inc.'s (together, Plaintiffs) Motions for Preliminary Injunction (Case No. 25-cv-907, ECF No. 12[1]; Case No. 25-cv-966, ECF No. 11). After consideration of those motions and all related filings, it is hereby ORDERED that Plaintiffs' motions are GRANTED for substantially the same reasons raised in Plaintiffs' memoranda in support of their motions. Plaintiffs have established a likelihood of success on the merits and will suffer irreparable harm in the absence

---

[1] While RFA's motion was initially styled as a motion for a temporary restraining order, as noted in the Court's April 10, 2025 order, "[t]he parties have agreed to convert Radio Free Asia's Motion for a Temporary Restraining Order into a Motion for a Preliminary Injunction."

**Add. 1**

of an injunction, and the balance of equities and public interest favor immediate relief. The Court therefore PRELIMINARILY ENJOINS the Defendants, pending further order of this Court, to restore the FY 2025 grants with USAGM Networks Radio Free Asia and Middle East Broadcasting Networks, Inc. such that international USAGM outlets can "provide news which is consistently reliable and authoritative, accurate, objective, and comprehensive," 22 U.S.C. § 6202(a), (b), and to that end, provide monthly status reports on the first day of each month apprising the Court of the status of the defendants' compliance with this Order, including documentation sufficient to show the disbursement to RFA and MBN of the funds Congress appropriated.

SO ORDERED:

_April 25, 2025_
Date    3:00 pm

_Royce C. Lamberth_
The Honorable Royce C. Lamberth
United States District Judge

**Add. 2**