# United States Court of Appeals
## For The District of Columbia Circuit

_____

**No. 25-5144**  September Term, 2024

1:25-cv-01015-RCL

Filed On: May 28, 2025

Patsy Widakuswara, et al.,

    Appellees

    v.

Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of the U.S. Agency for Global Media, et al.,

    Appellants

---

**No. 25-5145**

1:25-cv-00887-RCL

Michael Abramowitz, in his official capacity as Director of Voice of America, et al.,

    Appellees

    v.

Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media, et al.,

    Appellants

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 25-5144**                              **September Term, 2024**

**No. 25-5150**

1:25-cv-00966-RCL

Middle East Broadcasting Networks, Inc.,

       Appellee

    v.

United States of America, et al.,

       Appellants

**No. 25-5151**

1:25-cv-00907-RCL

Radio Free Asia,

       Appellee

    v.

United States of America, et al.,

       Appellants

       **BEFORE:**    Srinivasan, Chief Judge, and Henderson*, Millett, Pillard, Wilkins, Katsas*, Rao*, Walker*, Childs, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the petitions for rehearing en banc, which move for en banc reconsideration and vacatur of the court's May 3, 2025 order; the responses thereto; the administrative stay entered by the en banc court on May 7, 2025; and the letters regarding case status, it is

**ORDERED** that the motion for en banc reconsideration and vacatur in No. 25-5145 be denied. The en banc court's May 22, 2025 order denied the relief requested

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5144**                                        **September Term, 2024**

by the appellees related to provision (1) of the district court's preliminary injunction challenged in No. 25-5144, and the appellees state that this case raises no question pertaining to provision (2) of that preliminary injunction, see Pet., No. 25-5145, at 4 n.3. It is

**FURTHER ORDERED** that, in Nos. 25-5150 and 25-5151, the motion for en banc reconsideration and vacatur be granted and the government's motion for stay pending appeal be denied. A majority of the judges eligible to participate voted in favor of the motion for en banc reconsideration and vacatur, and the government has not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2024).

The jurisdictional argument advanced by the government in Nos. 25-5150 and 25-5151 raises an important issue, as indicated by its recurrence in a number of recent cases. See, e.g., Am. Bar Ass'n v. U.S. Dep't of Just., No. 25-cv-1263 (CRC), 2025 WL 1388891 (D.D.C. May 14, 2025); S. Educ. Found. v. U.S. Dep't of Educ., No. 25-cv-1079 (PLF), 2025 WL 1453047 (D.D.C. May 21, 2025). At this initial stage, substantially for the reasons explained by Judge Pillard, see Pet. Add., Nos. 25-5150 & 25-5151, at 19–42 (Pillard, J., dissenting), the government has not made the requisite "strong showing" of a likelihood of success on the merits of its appeals in these cases, Nken, 556 U.S. at 434. This order of course does not constrain the ability of the panel that hears the government's appeals to reach any conclusion following full merits briefing and argument.

Additionally, apart from whether the government ultimately prevails in these appeals, the government has not contested the appellee grantee networks' claims of irreparable injury if the government's requested stay were maintained during the appeals' pendency—including the grantee networks' submissions that suspension of the government's monthly grant payments to them will promptly and severely threaten their continued viability, rendering them unable to exist except as a formal matter and making it unlikely that they could recover even if they ultimately prevail on their claims. See Pet. Add., Nos. 25-5150 & 25-5151, at 89, 92. For its part, the government explains that it will be irreparably harmed because, if it prevails in the appeals, it could not retrieve any monthly payments it makes to the grantee networks in the interim. See Gov't En Banc Resp., Nos. 25-5150, 25-5151, & 25-5158, at 13. But in arguing for a stay, the government has not contended that it will ultimately prevail in establishing an entitlement to those funds; it instead has argued solely that, as a jurisdictional matter, the entitlement must be determined in another forum (the U.S. Court of Federal Claims). See Order Granting Stay Pending Appeal, No. 25-5158 (D.C. Cir. May 7, 2025), Dissent at 3 (Pillard, J.). In these circumstances, the government has not shown

# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 25-5144**                                                    **September Term, 2024**

that the equities weigh in favor of a stay pending appeal in Nos. 25-5150 and 25-5151. It is

**FURTHER ORDERED** that the motion for en banc reconsideration and vacatur in No. 25-5144 be denied. In their claims of irreparable injury arising from the court's May 3, 2025 order staying provision (2) of the district court's preliminary injunction, appellees' asserted injuries are entirely derivative of the suspension of monthly grant payments to Radio Free Asia. See Pet., No. 25-5144, at 15–16. This order's grant of en banc reconsideration and vacatur in No. 25-5151 addresses those asserted injuries. It is

**FURTHER ORDERED** that the May 7, 2025 administrative stay entered by the en banc court as to Nos. 25-5144, 25-5150, and 25-5151 be dissolved. It is

**FURTHER ORDERED** that the above-captioned cases be scheduled for oral argument on the same day and before the same panel. It is

**FURTHER ORDERED**, on the court's own motion, that the parties submit within 7 days of the date of this order a proposed schedule and format for the briefing of the above-captioned cases on an expedited basis. The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief. Whether the parties are aligned or have disparate interests, they must provide _detailed_ justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:   /s/
Selena R. Gancasz
Deputy Clerk

*Circuit Judges Henderson, Katsas, Rao, and Walker dissent from the grant of en banc reconsideration and vacatur and the denial of the motion for stay pending appeal in Nos. 25-5150 and 25-5151. A dissenting statement of Circuit Judge Katsas is attached. Circuit Judges Henderson, Rao, and Walker join in the statement of Circuit Judge Katsas.

KATSAS, *Circuit Judge*, dissenting in part: These appeals arise from the government's efforts to downsize the United States Agency for Global Media (USAGM) pursuant to Executive Order 14238. 90 Fed. Reg. 13043 (Mar. 14, 2025). In implementing the Executive Order, USAGM sought to cancel its grants with affiliated radio networks. Various plaintiffs sued, and the district court ordered USAGM to— among other things—restore grants with Radio Free Asia and Middle East Broadcasting Networks. The government appealed these preliminary injunctions and sought interim stays, which a motions panel of this Court granted. *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817 (D.C. Cir. May 3, 2025) (per curiam). The *en banc* Court now vacates the stays in Nos. 25-5150 and 25-5151. I respectfully dissent from that part of the order because, in my view, the panel's stay decisions were correct.

The district court lacked jurisdiction to order continued funding for the affiliated networks. In substance, those orders compel specific performance of the networks' contracts with USAGM. The orders thus resolve contract claims against the federal government, which, by operation of the Tucker Act, fall within the exclusive jurisdiction of the Court of Federal Claims. The panel's order granting stays pending appeal, and my dissent from the *en banc* Court's administrative-stay order, fully explain my position on this issue. *See Widakuswara*, 2025 WL 1288817, at *3–5; *Middle E. Broad. Networks, Inc. v. United States*, No. 25-5150, 2025 WL 1378735, at *1–4 (D.C. Cir. May 7, 2025) (Katsas, J., dissenting).

The majority denies the government's stay motions based on its conclusions that (1) the government is unlikely to prevail on its Tucker Act contention and (2) the balance of harms tips for the networks because the government has not yet staked out a merits defense of its decision to terminate the grants. This reasoning seems to me difficult to reconcile with *Department of Education v. California*, 145 S. Ct. 966 (2025) (per curiam).

2

In that case, a district court ordered the government to continue funding certain education grants, despite the government's argument that the Tucker Act gave the Court of Federal Claims exclusive jurisdiction over the claims at issue. In granting a stay pending appeal, the Supreme Court concluded that the government was likely to succeed on its Tucker Act argument that the district court lacked jurisdiction. *See id.* at 968–69. Moreover, the Court granted the stay even though the government had not further argued that it would likely succeed on the merits when defending its grant terminations in the Court of Federal Claims. *See id.* at 974 & n.2 (Jackson, J., dissenting).

In this case, the majority considers the government's lack of a merits defense only in assessing the balance of interim harms, and only after concluding that the government is unlikely to succeed on its jurisdictional objection. As noted above, *California* makes clear that the lack of an asserted merits defense is not necessarily fatal in a stay posture. But in any event, the majority's reasoning does not suggest that a stay pending appeal would have been inappropriate had it agreed that jurisdiction was likely lacking. And in my view, no such suggestion would be tenable.